**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THANH DUI TRAN,<br>Petitioner,<br>v.<br>JOSHUA JOHNSON, et al.,<br>Respondents. | Case No. 5:26-cv-06389-MBK<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Thanh Dui Tran, a forty-year-old native of Vietnam, is currently in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. Mr. Tran entered the United States as a Lawful Permanent Resident ("LPR") in 1990. In 2008, Mr. Tran was ordered removed, but subsequently released on an Order of Supervision ("OSUP"). On December 16, 2025, Immigration and Customs Enforcement ("ICE") arrested Mr. Tran after he was paroled from state custody and revoked his OSUP without a Notice of Revocation or other explanation for his re-detention.

Mr. Tran filed the instant petition on October 28, 2026. He argues that the revocation of his OSUP and ongoing detention violates due process, the

immigration laws, and the Administrative Procedure Act ("APA"). Respondents filed an Answer in which they state they are not presenting an opposition. In light of Respondents' non-opposition, the Court grants the petition and orders Petitioner's immediate release.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner Thanh Dui Tran is a native of Vietnam. Dkt. 1 at 5. He left Vietnam with his grandfather when he was two years old and lived in refugee camps before entering the United States. *Id.* at 6. Petitioner has no memory of his parents and has not had contact with them since his departure thirty-eight years ago. *Id.* Petitioner's earliest memories are of his formative years in the refugee camps. *Id.* Petitioner and his grandfather eventually entered the United States in 1990 as LPRs, when Petitioner was four or five years old. *Id.*

Through his childhood, Petitioner was financially limited and survived on bare necessities. *Id.* His separation from his parents resulted in abandonment issues that persisted through adolescence and adulthood. *Id.* Petitioner has struggled with mental health and substance abuse, and has experienced homelessness for most of his adult life. *Id.*

Petitioner has been in and out of the criminal justice system since he was a teenager. *Id.* at 7. In 2008, he was convicted of a substance-related charge and ordered removed from the United States. *Id.* In January 2009, he was released from immigration detention on an OSUP. *Id.* He was initially required to check-in with ICE every three to six months, which later became once a year. *Id.* Petitioner continued to struggle with addiction and homelessness during this time, which led to further arrests and convictions. *Id.*

In 2024, Petitioner was arrested for substance and firearm possession charges. *Id.* He was convicted on March 12, 2025, and sentenced to three years in state prison. *Id.* While serving this sentence, Petitioner began participating in church sessions and Alcoholics Anonymous programs. *Id.* Petitioner was eventually granted early release on parole. *Id.* He was looking forward to getting treatment for his substance abuse and obtaining his GED. *Id.* Petitioner was set to be released on December 16, 2025. *Id.*

About twelve days before his release date, ICE requested a hold be placed on Petitioner, pursuant to a charge of "Illegal Entry." *Id.*; Dkt. 1-1 at 27. This was despite Petitioner having entered lawfully as an LPR. Dkt. 1 at 7. When Petitioner was released on his scheduled release date, he was immediately detained by ICE. *Id.* ICE then revoked Petitioner's OSUP without providing any explanation or a Notice of Revocation of Release. *Id.* at 7-8.

About ten days after being re-detained, ICE required Petitioner to complete an intake interview. *Id.* ICE asked Petitioner about his family in Vietnam, where he was born, and if he had any ties to Vietnam. Petitioner replied that he knew nothing about his parents other than their names, he has not had contact with his parents or other family, he does not know the whereabouts of any family or their status, and he does not speak Vietnamese. *Id.*

Over Petitioner's now more than ten months in immigration detention, he has enrolled in a variety of classes and courses in the hopes of rebuilding his life upon release. *Id.* He has enrolled in over forty modules for courses on a variety of subjects and has already completed half of them. *Id.* He has also received certificates of completion in New Tech, Disaster Psychology, and Organization. *Id.*; Dkt. 1-1 at 29-34.

Petitioner filed the instant petition on October 18, 2026. Dkt. 1. He argues: (1) the revocation of his OSUP without following the governing regulations violates procedural due process, (*id.* at 13-18); (2) his re-detention without a showing of removal in the reasonably foreseeable future violates procedural due process, (*id.* at 16-18); (3) his re-detention without a legitimate purpose violates substantive due process, (*id.* at 18-20); (4) any attempt by Respondents to remove him to a third country without the required due process safeguards would be unlawful, (*id.* at 20-24); (5) the revocation of his OSUP was arbitrary and capricious in violation of the APA, (*id.* at 24-25); and (6) the revocation of his OSUP and subsequent re-detention was an unlawful regulatory subdelegation in excess of statutory authority. *Id.* at 25-27. Petitioner requests immediate release or, alternatively, an order requiring Respondents to restore Petitioner to the original position he was in before the unlawful detention and reinstating his OSUP. *Id.* at 27-29.

On November 2, 2026, Respondents noticed an appearance of counsel on their behalf. Dkt. 7. However, no timely response was filed. On November 6, 2026, the Court ordered Respondents to show cause ("OSC") why the Petition should not be granted as unopposed. Dkt. 9. The response to the OSC was due by 2 p.m. the same day. *Id.* Respondents subsequently filed a response stating they "are not presenting an opposition argument at this time." Dkt. 10.

## II. DISCUSSION

Petitioner argues that, *inter alia*, his OSUP was revoked in violation of the immigration laws and due process. Dkt. 1 at 13-29. Respondents state that they "are not presenting an opposition argument at this time." Dkt. 10.

Respondents' failure to oppose Petitioner's claims is a concession that he is entitled to relief. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017)

("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."). *See also Rojas v. Mullin*, No. 26-cv-1437-FMO-MAA, 2026 WL 1105039, at *1 (C.D. Cal. Apr. 17, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession"); *Khoury v. Noem*, No. 5:26-cv-00113-SRM-MBK, 2026 WL 846040, at *3 (C.D. Cal. Jan. 22, 2026) (granting TRO requiring the petitioner's release where "the Court construes Respondents' failure to address this argument as a concession that Petitioner is likely to succeed on the merits of this claim"); *E-M- v. Hermosillo*, No. 3:25-cv-1083-SI, 2026 WL 883776, at *1 (D. Or. Mar. 31, 2026) ("Respondents do not challenge Count Three on the merits and thus the Court finds that Respondents have waived any such challenge and conceded those aspects of Count Three of the Petition"); *Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims").

This Court has previously found that the immigration regulations provide that the Government may only re-detain a noncitizen released on an OSUP where it can demonstrate changed circumstances that the noncitizen's removal is reasonably foreseeable. *See Trieu v. Mullin*, No. 5:26-cv-01653-MBK, 2026 WL 1045194, at *6 (C.D. Cal. Apr. 17, 2026). Based on Respondents' non-opposition and the reasoning in *Trieu*, the Court finds that the Government has not met its burden to show changed circumstances justifying the revocation of Petitioner's OSUP. Accordingly, Petitioner's re-detention violated the immigration laws and due process.

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Respondents to immediately release Petitioner Thanh Dui Tran (A# 071-427-488), subject to the conditions of his prior OSUP, and return all property confiscated from him during his arrest and processing into detention; (3) Respondents may not re-detain Petitioner unless they have obtained a travel document for his removal and provided him adequate notice, an interview, and an opportunity to be heard consistent with governing regulations; and (4) Respondents shall file a status report within three (3) days to confirm that Petitioner has been released from custody.

Dated: November 6, 2026

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE